Thomas Warren PURVIS, Petitioner,

v.

Jack WISEMAN, State Director of The Oregon State Board of Parole and Probation, Respondent.

Civ. No. 68-264.

United States District Court
D. Oregon.

March 17, 1969.

William Wiswall, Sanders, Lively, Camarot & Wiswall, Springfield, Or., for petitioner.

Robert Y. Thornton, Atty. Gen., David H. Blunt, Asst. Atty. Gen., Salem, Or., for respondent.

## OPINION

SOLOMON, Chief Judge:

Thomas Warren Purvis (Petitioner) claims his State conviction for possession of marijuana was based on evidence obtained in violation of his Fourth Amendment right to privacy. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). He is now in the custody of the Director of the Oregon Board of Parole and Probation. He exhausted his State remedies [1] and petitioned for habeas corpus relief in this Court. 28 U.S.C. § 2241 et seq. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963).

Petitioner rented room 705 at the Eugene Hotel. Hotel employees informed the Eugene police that Petitioner may be using narcotics. While Petitioner was temporarily out of his room, Detective Matoon went to the seventh floor of the hotel and encountered two maids.

Matoon asked the maids to keep separate any trash they removed from room 705. The hotel manager appeared and directed the maids to clean room 705 out of order. The evidence is conflicting on whether the maids were authorized to clean the room before the Petitioner checked out. The maids cleaned the room at about 2:30 and the evidence supports a finding that they were authorized to do it.

---

1. State v. Purvis, 86 Or.Adv.Sh. 377, 438 P.2d 1002 (1968).

The maids testified that they were told to look for homemade cigarettes and homemade cigarette butts as they cleaned Petitioner's room. Matoon waited in the hall.

The maids brought a trash can and ash trays to Matoon, but neither contained narcotics. They returned to finish cleaning and found a one-inch cigarette, wrapped in a matchbook cover, on the floor between the bed and an arm chair. They took it to the detective, who tentatively identified the contents of the cigarette as marijuana.

■ On this evidence, Matoon arrested Petitioner on the street about a half hour later. A search incident to this arrest produced additional marijuana and cigarette paper. If the search of Petitioner's hotel room was illegal, his subsequent arrest and search are also illegal.[2]

The Supreme Court of Oregon interpreted the testimony at the suppression hearing and at the trial to mean that "Matoon requested the maids bring to him only those items, including homemade cigarettes or cigarette butts, which would normally be removed in the usual course of cleaning a hotel room." 86 Or.Adv.Sh. at 381; 438 P.2d at 1004. The Court did not consider what the result would be if the maids were directed to bring Matoon all homemade cigarettes. "It is arguable," the Court said, "that under such circumstances the product of the search would not be admissible in evidence even if it consisted of an item which would have been removed by the maid in the usual course of cleaning the room without any direction from the police." 86 Or.Adv.Sh. at 381–382, 438 P.2d at 1004.

■ When the maids entered Petitioner's room, they invaded his privacy

with his implied consent.[3] It is this implied consent on which the State relies to justify the subsequent seizure of the cigarette. A person may consent to a search and the fruits of the search are admissible even without probable cause.[4] But the consent must be free and voluntary and the burden is on the State to prove the absence of coercion by clear and convincing evidence.[5] The issue in the present case is whether the invasion of Petitioner's privacy transgressed his consent, and, if so, whether State action was the cause of the transgression. Here, too, the State must prove its case with clear and convincing evidence.

Whether the invasion of Petitioner's privacy was coterminus with his consent depends on what the maids believed when they entered his room. Petitioner consented to an entrance for the purpose of cleaning the room and removing trash. He did not consent to a search.

*same as Stoner*

■ A search, as distinguished from a mere entrance to clean, involves an intent "to go through and examine for the purpose of finding or ascertaining something." Webster's New International Dictionary (2d ed. unabr.) In other words, a search entails a process of differentiating between objects with an intent to locate a particular object.

■ If the maids believed they were expected to remove any homemade cigarettes, wherever located, and whether or not trash, they searched the room. If, on the other hand, they understood that they were expected to remove only those homemade cigarettes that would be removed in the normal process of cleaning the room, their entrance was consensual.

■■ If the maids did transgress Petitioner's privacy, the product of this transgression will not be excluded from

2. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); Mapp v. Ohio, *supra.*

3. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951).

4. State of Montana v. Tomich, 332 F.2d 987 (9th Cir. 1964).

5. Bumper v. North Carolina, 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). Channel v. United States, 285 F.2d 217, 219–220 (9th Cir. 1960).

evidence unless State action is involved. The Fourth Amendment does not apply to actions of private persons.[6]

Even if I conclude, with the State Supreme Court, that Matoon requested the maids to remove only those homemade cigarettes that were also trash, it would not negate the element of State action. We are not concerned with what Matoon intended, but with what the maids believed. There was no need to mention homemade cigarettes before the maids entered the room. If, as a result of this designation, the maids searched Petitioner's room, their action was State action. The State, having made a search possible, may not escape the consequences by claiming Matoon distinguished between those homemade cigarettes that were trash and those that were not.

The record is inconclusive on what the maids believed when they entered Petitioner's hotel room. I will hold a hearing on this question. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); 28 U.S.C. § 2254 (d) (3).

---

6. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921).

