ROY McDOWELL, APPELLANT, *v.* THE
STATE OF NEVADA, RESPONDENT.

No. 17453

December 4, 1987                                746 P.2d 149

---

*George Carter,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, Las Vegas, *James Tufteland,* Deputy District Attorney, and *Daniel M. Seaton,* Deputy District Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*[1]

McDowell was convicted of two counts of murder with use of a deadly weapon, one count of robbery with use of a deadly weapon, and three counts of conspiracy. He was sentenced to life imprisonment with the possibility of parole. The evidence at trial established that after more than a month of planning, McDowell and his co-conspirators went to the home of Carl and Colleen Gordon. The Gordons were the grandparents of one of the co-conspirators, Dale Flanagan. McDowell, along with other co-conspirators, entered the Gordon residence through a window.

---

[1]This appeal was previously decided on the merits in an unpublished order of this court. Pursuant to respondent's request, we have determined that our decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order filed October 19, 1987.

While McDowell ransacked the house, the Gordons were murdered by his cohorts pursuant to the overall plan.

■■■■■

McDowell was tried with his co-conspirators and found guilty by overwhelming evidence of the crimes charged. The most damaging of the overwhelming evidence admitted were the various co-conspirator out-of-court declarations. In determining the admissibility of the extra-judicial statements, the district court properly found the existence of a conspiracy by "slight evidence" as required in Nevada. *See* Fish v. State, 92 Nev. 272, 549 P.2d 338 (1976); NRS 51.035(3)(e).[2] Application of a higher standard of proof for preliminary questions of fact, such as the "preponderance" standard urged upon this court by McDowell, is not constitutionally mandated by the sixth amendment's Confrontation Clause. Although the United States Supreme Court has applied the preponderance standard to the preliminary fact finding process when determining the admissibility of co-conspirator hearsay statements pursuant to the federal rules of evidence, such an application is merely the result of statutory interpretation.[3] That is, preliminary facts, like the existence of a conspiracy required to be found pursuant to Federal Rules of Evidence 801(d)(2)(E), must be found by a preponderance according to Federal Rules of Evidence 104(a).[4] *See* Bourjaily v. U.S., 107 S.Ct. 2775 (1987). Hence, there being no constitutional reason for this court to ignore stare decisis, we decline to do so. The preliminary question of the existence of a conspiracy for purposes of NRS 51.035(3)(e) need only be established, as properly found by the district court in the instant case, by "slight evidence."

■■■■■

According to NRS 51.035(3)(e), an out-of-court statement of a co-conspirator made during the course and in furtherance of the conspiracy is admissible as nonhearsay against another co-

---

[2]NRS 51.035(3)(e) defines as nonhearsay any statement offered to prove the truth of the matter asserted where such statement is offered against a party and was uttered by a co-conspirator of that party during the course and in furtherance of the conspiracy.

[3]The co-conspirator exception set forth in the Federal Rules of Evidence at Rule 801, states in relevant part:

(d) A statement is not hearsay if . . .
(2) The statement is offered against a party and is . . .
(E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

[4]Federal Rule of Evidence 104 provides, in relevant part:

(a) Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). . . .

conspirator. Pursuant to this statute, it is necessary that the co-conspirator who uttered the statement be a member of the conspiracy at the time the statement was made. It does not require the co-conspirator against whom the statement is offered to have been a member at the time the statement was made.

The federal position is consistent with our interpretation. In construing Federal Rule of Evidence 801(d)(2)(E), which is analogous to NRS 51.035(3)(e), the federal courts have consistently held that extra-judicial statements made by one co-conspirator during the conspiracy are admissible, without violation of the Confrontation Clause, against a co-conspirator who entered the conspiracy after the statements were made. *See* U.S. v. Gypsum, 333 U.S. 364 (1948); U.S. v. Davis, 809 F.2d 1194 (6th Cir. 1987).

It was not necessary for the district court to explicitly rule as to the time when McDowell entered the conspiracy, and hence we decline to require such a ruling. By joining the conspiracy, McDowell implicitly adopted all of his fellow co-conspirators' prior acts and declarations in furtherance of the conspiracy. *See* U.S. v. Badalamenti, 794 F.2d 821 (2nd Cir. 1986). Therefore, the district court's handling of the evidentiary matter was proper.

The trial court's denial of McDowell's motion to sever was sufficiently justified and hence proper. There is no showing that the jury was confused by the joint trial. Nor did the defense presented by co-conspirator Johnny Luckett force McDowell to defend against more than one prosecutor. The defense raised by co-defendant Luckett, that of coercion, was not mutually exclusive nor irreconcilable to McDowell's claim of total exculpation. That is, it was possibile for the jury to believe Luckett's defense while at the same time giving credence to McDowell's defense. Moreover, Luckett's allegedly prejudicial testimony would not necessarily have been inadmissible in a severed trial. For instance, the prosecution might have offered the testimony concerning coercion under the guise of specific acts used to prove motive, intent or common plan. Consequently, the district court did not abuse its discretion when it denied McDowell's motion to sever.

We have considered the remaining contentions and we conclude they lack merit. Accordingly, we affirm the judgment of conviction.