# IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS ALONSO HIDALGO, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67640



FILED

MAY 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Appellant contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to appellate counsel). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant contends that the district court erred by denying his claim that trial counsel were ineffective for failing to tender appropriate instructions regarding second-degree murder. Specifically, appellant challenges the instructions relating to co-conspirator liability

16-14804

and second-degree felony murder. Regarding the co-conspirator liability instructions, appellant failed to demonstrate that the instructions given at trial were inaccurate. *See Bolden v. State*, 121 Nev. 908, 923, 124 P.3d 191, 201 (2005) (holding that "vicarious coconspirator liability may be properly imposed for general intent crimes only when the crime in question was a 'reasonably foreseeable consequence' of the object of the conspiracy"). To the extent appellant argues that second-degree murder is not a general intent crime pursuant to *Ho v. Carey*, 332 F.3d 587, 592 (9th Cir. 2003), his reliance on *Ho* is misplaced because *Ho* addressed California law. Regarding second-degree felony murder, even assuming that the jury was not properly instructed pursuant to *Labastida v. State*, 115 Nev. 298, 307, 986 P.2d 443, 449 (1999), appellant failed to demonstrate that trial counsel were deficient or that he was prejudiced given the evidence presented at trial and the theories of vicarious liability alleged in the charging document. Therefore, we conclude that the district court did not err by denying this claim.[1]

Second, appellant contends that the district court erred by denying his claim that trial counsel were ineffective for failing to challenge the deadly-weapon enhancement based on *Moore v. State*, 117 Nev. 659, 663, 27 P.3d 447, 450 (2001) (holding that "it is improper to enhance a sentence for conspiracy using the deadly weapon enhancement."). Because the deadly weapon enhancement was not applied to the conspiracy conviction, appellant failed to demonstrate that counsel was ineffective. To the extent appellant challenges the instruction given at trial based on

---

[1]For the same reasons, we conclude the district court did not err by denying appellant's claim regarding appellate counsel.

*Brooks v. State*, 124 Nev. 203, 180 P.3d 657 (2008), no relief is warranted because the instruction complied with *Brooks*; moreover, appellant has challenged the instruction for the first time on appeal. Therefore, we conclude that the district court did not err by denying this claim.

Third, appellant contends that the district court erred by denying his claim that trial counsel were ineffective for failing to proffer an instruction regarding the admissibility of co-conspirator statements that was consistent with the Federal Rules of Evidence, and appellate counsel was ineffective for failing to argue that the admission of his co-conspirator's statements violated *Crawford v. Washington*, 541 U.S. 36, 56 (2004). Appellant failed to demonstrate that the instructions given at trial were incorrect or that the statements should not have been admitted. *See McDowell v. State*, 103 Nev. 527, 529, 746 P.2d 149, 150 (1987) (adopting the "slight evidence" standard in Nevada); *see also Crawford*, 541 U.S. at 56 (recognizing that statements made in furtherance of a conspiracy are nontestimonial); *Lilly v. Virginia*, 527 U.S. 116, 137 (1999) (recognizing that statements made in the furtherance of a conspiracy are reliable). Therefore, he fails to demonstrate that counsel were ineffective. Accordingly, we conclude that the district court did not err by denying this claim.

Fourth, appellant contends that the district court erred by denying his claim that trial counsel were ineffective for failing to seek a severance during trial to admit evidence that was favorable to him but unfavorable to his codefendant. We disagree because the trial court did not decline to admit the evidence based on prejudice to appellant's codefendant and therefore a severance would not have been granted on this basis. Because appellant failed to demonstrate that a severance

would have been granted under the circumstances, trial counsel were not ineffective. Therefore, we conclude that the district court did not err by denying this claim.

Fifth, appellant contends that the district court erred by denying his claim that trial counsel were ineffective for failing to seek a severance of the solicitation counts. Appellant failed to demonstrate that a severance would have been granted because the counts were clearly connected together. *See Weber v. State*, 121 Nev. 554, 573, 119 P.3d 107, 120 (2005). Therefore counsel were not ineffective. Accordingly, we conclude that the district court did not err by denying this claim.

Sixth, appellant contends that cumulative error entitles him to relief. Because we have found no error, there are no errors to cumulate.

Having considered appellant's contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.          _____, J.
Cherry                                                Gibbons

cc:    Hon. Valerie Adair, District Judge
       Richard F. Cornell
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk