# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN WILLIAMS, SR., WARDEN;
AND THE STATE OF NEVADA,
Appellants,
vs.
NOE LUIS JUAREZ-GUTIERREZ,
Respondent.

No. 68591

FILED

FEB 16 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge. Appellants argue that the district court applied the incorrect standard in granting habeas relief. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we reverse and remand for further proceedings.

Respondent Noe Luis Juarez-Gutierrez was stopped by police for a purported traffic violation. He and his passenger, E.C.G., were directed to exit the vehicle and were questioned separately in English without *Miranda*[1] warnings. Respondent is a Mexican national who claims extremely limited English-language comprehension. Officers seized and searched a coffee can full of change from the floorboard and found approximately one ounce of methamphetamine in a plastic bag

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

within it. Officers asserted that respondent consented to a search of the master bedroom in his sister's nearby house, where they found and searched a box that contained approximately two kilograms of methamphetamine. Respondent waived his right to a preliminary hearing and pleaded guilty to one count of trafficking an amount of Schedule I controlled substances greater than 28 grams, NRS 453.3385(1)(c), for the methamphetamine seized within the house.

Respondent did not file a direct appeal but filed a pro se postconviction motion to suppress evidence, arguing that trial counsel provided ineffective assistance by failing to move to suppress the methamphetamine and to investigate the case in order to engage in meaningful plea negotiations. The district court treated the motion as a postconviction habeas petition, *see* NRS 34.724(2), appointed postconviction counsel, and held an evidentiary hearing.

During the evidentiary hearing, the arresting officer testified that he asked respondent for and received consent to search the sister's house but did not speak Spanish with respondent. E.C.G. testified that he knew that respondent did not speak English well and had never heard respondent speak English. Another witness testified that respondent would have been unable to understand a conversation in English and that his facility in English was limited to matters such as basic directions. Trial counsel described her inquiry into the incident as consisting in having the arrest report read to respondent in Spanish and asking him if it was false—when he said that it was not, she did not inquire into any Fourth Amendment issues implicated by the account in the arrest report. Trial counsel did not ask respondent about the circumstances of the consent alleged in the arrest report, if respondent understood the police

inquiries of him following the traffic stop, or if he understood English, even though she never spoke with him in English and used an interpreter.

The district court found that respondent spoke little English, that counsel only spoke with him through an interpreter, that the purported consent to search was obtained in English, that the record supported a good-faith suppression challenge, and that trial counsel investigated only by reviewing the police reports and was indifferent toward respondent's case. The district court determined that trial counsel was deficient when she decided not to inquire further into respondent's purported consent to search. The district court concluded that "it appears that such a [suppression] motion [challenging the consent issue] may have enjoyed a reasonable likelihood of success" and that there was a "valid argument" that respondent's consent to search was not freely and voluntarily given and granted respondent's petition.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Where a claim of ineffective assistance is predicated on counsel's failure to move to suppress evidence based on an alleged Fourth Amendment violation, the prejudice prong requires a showing that (1) the Fourth Amendment claim was meritorious and (2) there was a reasonable likelihood that exclusion of the evidence would have led to a different result. *Kirksey v. State*, 112 Nev. 980, 990, 923 P.2d 1102, 1109 (1996) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). As to the second showing required to establish prejudice—that

the exclusion of the evidence would have led to a different result—a petitioner who pleaded guilty must show that if the evidence had been excluded, there was a reasonable probability that he would not have pleaded guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey*, 112 Nev. at 988, 923 P.2d at 1107.

Appellants argue that the district court erred when it did not specifically determine whether a suppression motion would have prevailed and that such a motion would have failed on the merits. As the district court did not determine both whether a suppression motion had merit and whether there was a reasonable probability that respondent would not have pleaded guilty if the evidence had been suppressed, we agree that the district court did not apply the correct prejudice test for the ineffective-assistance claim as to the suppression motion. We decline to decide in the first instance whether a suppression motion would have succeeded on the merits. Because the district court's prejudice determination regarding counsel's ineffectiveness in plea bargaining is predicated on the merits of a suppression motion, we conclude that the district court's order cannot stand based solely on that ineffective-assistance claim.[2] We direct the district court to enter additional findings and conclusions considering the prejudice test that governs when an ineffective-assistance claim is based

---

[2]Though the district court did not enter deficiency findings on respondent's claim that counsel should have pursued an offer of substantial assistance and argued for a lesser sentence after he entered his plea, respondent did not demonstrate prejudice on that claim.

on counsel's failure to file a motion to suppress evidence based on a Fourth Amendment violation.[3] Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____Cherry_____, C.J.
Cherry

_____Hardesty_____, J.
Hardesty

_____Parraguirre_____, J.
Parraguirre


cc:    Chief Judge, The Second Judicial District Court
       Second Judicial District Court, Department 8
       Attorney General/Carson City
       Washoe County District Attorney
       Patricia C. Halstead
       Washoe District Court Clerk

---

[3]If the district court deems it necessary, a second evidentiary hearing should be held.