# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN EDWARD BUTLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69953

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant John Edward Butler's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Butler argues that he received ineffective assistance from penalty-hearing and appellate counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the

underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are more than bare allegations and are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Butler first argues that the security procedures at the jail precluded his penalty-phase counsel from providing effective assistance. The district court found that counsel stated during the penalty phase that the procedures did not affect her representation of Butler and that the issue resolved itself before the proceedings concluded. Butler has not shown that this finding is not entitled to deference. The record thus belies Butler's claim that he suffered prejudice on this issue, and Butler has failed to specifically allege how counsel was deficient when she brought the matter to the district court's attention and indicated that the issue was resolved. *Cf. Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel."). The district court therefore did not err in denying this claim without an evidentiary hearing.

Second, Butler argues that appellate counsel should have challenged the admission of photographs of his white-supremacist tattoos as violating his First Amendment rights. The trial court has broad discretion during a penalty hearing to admit any evidence that is relevant

 

to the sentence, including evidence of the defendant's character, his record, or the circumstances of the crime. *See* NRS 175.552(3); *Nunnery v. State*, 127 Nev. 749, 769, 263 P.3d 235, 249 (2011). Butler's tattoos were relevant to his motive for murdering anti-racist activists Daniel Shersty and Linn Newborn. *See Butler v. State*, 120 Nev. 879, 889 & n.9, 102 P.3d 71, 79 & n.9 (2004) (holding that evidence of Butler's affiliation with the Independent Nazi Skinheads was essential to show his motive and that its admission did not violate his First Amendment rights). Because the murders were tied to Butler's affiliation, his tattoos were linked to the crime and were not general character evidence, and thus their admission did not violate his First Amendment rights. *See Dawson v. Delaware*, 503 U.S. 159, 166-67 (1992) (observing that evidence of a defendant's membership in an organization that endorses racial violence may be relevant to sentencing determinations and holding that such evidence violates a defendant's First Amendment rights where irrelevant to the crime); *Lay v. State*, 110 Nev. 1189, 1196, 886 P.2d 448, 452 (1994) (applying *Dawson*). As Butler has failed to show that the trial court abused its broad discretion in admitting photographs of his tattoos, an appellate challenge would have been futile. Appellate counsel is not ineffective for failing to raise futile challenges. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim without an evidentiary hearing.

Third, Butler argues that appellate counsel should have challenged the trial court's limiting the defense from eliciting testimony regarding the extent of Butler's participation in the murders and that of his then-uncharged coperpetrators. Butler offers no relevant authority showing that the trial court's limitation was error. Butler's reliance on

*Flanagan v. State*, 112 Nev. 1409, 1422, 930 P.2d 691, 699 (1996), is misplaced because that case held that consideration of sentences imposed on codefendants was proper. Here, Butler's coperpetrators had not yet been tried at the time of the penalty hearing; accordingly, their sentences could not be considered. To the extent that Butler sought to suggest doubt regarding how he participated in the murders, lingering doubts regarding guilt are not proper considerations during the penalty phase. *See Browning v. State*, 124 Nev. 517, 526-27, 188 P.3d 60, 67 (2008). Butler thus has not demonstrated that appellate counsel was ineffective for failing to raise this issue. The district court therefore did not err in denying this claim without an evidentiary hearing.

Fourth, Butler argues that appellate counsel should have challenged a victim-impact statement requesting "the worst possible punishment." While victims are not permitted to express an opinion on sentencing in a capital case, *Kaczmarek v. State*, 120 Nev. 314, 339, 91 P.3d 16, 33 (2004), a witness's inadmissible utterance that is not elicited by the State may be cured by an immediate admonishment to disregard, *Carter v. State*, 121 Nev. 759, 770, 121 P.3d 592, 599 (2005), and the trial court here sustained Butler's contemporaneous objection and previously admonished the jury not to consider any evidence to which an objection has been sustained. As an appellate claim on this ground would not have succeeded, appellate counsel was not deficient in omitting it, and Butler was not prejudiced by its omission. The district court therefore did not err in denying this claim without an evidentiary hearing.[1]

_____

[1]Butler's claim that the State was required to review the victim's statement before the hearing is not supported with cogent argument or
*continued on next page . . .*

Fifth, Butler argues that appellate counsel should have asserted prosecutorial misconduct based on the State's argument that Butler could "get out" even if sentenced to a term of life without the possibility of parole. The trial court sustained Butler's contemporaneous objection, and the State clarified that "[i]f you give him life without the possibility of parole, it means just that." *See Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007) (holding that trial court cured prejudice from State's improper reference to facts not in evidence by sustaining contemporaneous objection and admonishing jury). Butler's contention that the State argued that Butler might escape or "pop[ ] open" his cell door is belied by the record. And Butler's invocation of *Geary v. State*, 112 Nev. 1434, 930 P.2d 719 (1996), is misplaced because that case involved misleading statements about the possibility of commutation, which were not present here, and the State's argument mirrored *Geary's* proposed instruction that "[l]ife imprisonment without the possibility of parole means exactly what it says, that the Defendant shall not be eligible for parole." 112 Nev. at 1443-44, 930 P.2d at 725-26. Butler has failed to show that an appellate claim of prosecutorial misconduct would have met with success. The district court therefore did not err in denying this claim without an evidentiary hearing.

Sixth, Butler argues that the district court improperly denied the claims raised in his pro se habeas petition. Butler offers no authority

---

... *continued*

relevant authority, and thus we decline to consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

or cogent argument supporting these claims, and thus we need not address them.

Lastly, Butler argues that cumulative error warrants relief. Butler has failed to identify any error to cumulate, and the district court therefore did not err in denying this claim.

Having considered Butler's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Michelle Leavitt, District Judge
        Christopher R. Oram
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk