## WARDEN, NEVADA STATE PRISON, Appellant, *v.* HAROLD TRAVIS LYONS, Respondent.

No. 15084

July 3, 1984                                    683 P.2d 504

[Rehearing denied August 27, 1984]

*Brian McKay,* Attorney General, Carson City, and *Thomas P. Wright,* Deputy Attorney General, for Appellant.

*John J. Momot,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The warden appeals from an order granting a post-conviction petition for writ of habeas corpus. The order declared void

*ab initio* pleas of *nolo contendere* entered by respondent in two Washoe County criminal prosecutions. For the reasons set forth below, we reverse the order granting the petition and reinstate the pleas.

On December 1, 1980, respondent pleaded *nolo contendere* to one count each of slot cheating and attempted possession of a cheating device, in a case involving events which transpired at the MGM Grand casino. Before sentencing, he was arrested for cheating offenses at the Sahara-Reno. Respondent left the state and was not located and returned until January of 1982. In subsequent proceedings he was sentenced in the MGM matter consistent with the original plea bargain, and was allowed to plead *nolo contendere* to another cheating offense in the Sahara case. He was sentenced to ten years and five years, concurrent, in the former matter, and to a concurrent five years in the latter.

In June of 1982, respondent filed the instant petition for habeas relief, challenging the validity of his pleas in the MGM case.[1] The petition contended that respondent had pleaded without the effective assistance of counsel, and that his pleas had been "coerced" by the "use" of illegally seized evidence and by the filing of an habitual criminal allegation the Friday before trial. In supplemental points and authorities, respondent raised the additional claim that both his MGM and his Sahara-Reno pleas were invalid under Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981). The district court concluded that respondent's pleas were "not properly taken" and granted the habeas petition, declaring the pleas void *ab initio* "for the reasons and on the grounds set forth" in the petition and supplemental points and authorities.

The warden now argues that there was no factual or legal basis for the grant of habeas relief. We agree.

Respondent argued below that his MGM pleas were "coerced" and obtained in violation of due process by the state's filing of an habitual criminal allegation three days before trial. He argues that such a practice is unequivocal evidence of prosecutorial vindictiveness triggered by a defendant's refusal to plead and the concomitant assertion of the constitutional right to a trial. The United States Supreme Court, however, has approved this practice and held that a prosecutor may

---

[1]The district court determined that respondent had shown "good cause" why his petition should be entertained notwithstanding his failure to appeal from the judgments of conviction. *See* Junior v. Warden, 91 Nev. 111, 532 P.2d 1037 (1975). The "good cause" finding is not at issue on appeal, and we express no opinion thereon.

file an habitual criminal allegation in response to an accused's election not to plead guilty. The Court specifically indicated that absent a decision to file the allegation based on an arbitrary factor such as race, an inference of vindictiveness is not compelling in light of the give-and-take of the plea bargaining process and the prosecutor's power to have filed the allegation at the outset of the plea negotiations. *See* Bordenkircher v. Hayes, 434 U.S. 357 (1978). We have embraced the *Bordenkircher* analysis under facts fairly similar to those of this case. *See* Schmidt v. State, 94 Nev. 665, 584 P.2d 695 (1978). Moreover, respondent gave no indication of any feeling of coercion at the MGM plea canvass, and told the court he was entering his pleas freely and voluntarily and without compulsion. Accordingly, we conclude that the prosecutor's conduct in this case did not violate respondent's due process rights or result in involuntary pleas.[2]

Respondent also argued below that his MGM pleas were "coerced" by the "use" of illegally seized evidence. By entering his *nolo* pleas, however, respondent waived all constitutional claims based on events occurring prior to the entry of the pleas, except those involving the voluntariness of the pleas themselves. *See* Cline v. State, 90 Nev. 17, 518 P.2d 159 (1974). Accordingly, his fourth amendment claim was not cognizable on his petition for habeas relief.

Respondent also argued below that his attorney in the MGM proceeding did not provide effective assistance in advising him to forego trial and plead *nolo contendere*. The United States Supreme Court has recently adopted the "reasonably effective assistance" standard for ineffective counsel in criminal cases. This constitutional standard supplants Nevada's traditional "farce and sham" test. *See* Strickland v. Washington, ...... U.S. ......, 52 U.S.L.W. 4565 (May 14, 1984). It is not entirely clear whether the *Strickland* case applies prospectively only, or to cases still pending on direct appeal. In any event, we have examined the various claims of ineffectiveness and have concluded that counsel was not ineffective under either the tradi-

---

[2]In his answering brief, respondent relies on State v. Sather, 564 P.2d 1306 (Mont. 1977), which disapproves of the filing of an habitual criminal allegation under circumstances similar to those of this case. *Sather* relied heavily on Hayes v. Cowan, 547 F.2d 42 (6th Cir. 1976), which was overruled in *Bordenkircher. Sather* is of doubtful validity in the wake of the *Bordenkircher* ruling.

tional "farce and sham" or the modern "reasonably effective assistance" standard.[3]

We have considered the argument that the *nolo* pleas violated the rule of Hanley v. State, *supra,* and have found the argument meritless.

Having concluded that the record before us shows no factual or legal basis for the grant of habeas relief, we hereby reverse the order granting the post-conviction petition for writ of habeas corpus, and we hereby reinstate respondent's pleas of *nolo contendere.*

---

[3]In particular, we note that counsel was not ineffective for failing to file a motion to suppress. Although respondent's substantive fourth amendment claim was not cognizable on his petition for post-conviction habeas, he was entitled to argue, as he did, that counsel was ineffective for failing to seek suppression. We have concluded, however, that not withstanding decisions from other jurisdictions, the motion would have been without merit under federal and Nevada law. *See* Burdeau v. McDowell, 256 U.S. 465 (1921); Radkus v. State, 90 Nev. 406, 528 P.2d 697 (1974).