An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LONNIE JAY LOUCKS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60700

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus, a motion for the appointment of counsel, a motion to proceed in forma pauperis, and a motion to amend.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his January 26, 2012, petition, appellant claimed his trial counsel was ineffective for failing to ensure the presentence investigation report (PSI) was amended to correct an error prior to the imposition of sentence. To prove ineffective assistance of counsel, a petitioner must

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07736

demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel informed the district court that there was an error relating to a previous conviction and informed the court that the PSI could only be amended with a court order. The district court acknowledged that the PSI contained an error, ordered it to be corrected, and proceeded to sentence appellant to the sentence stipulated to in the guilty plea agreement. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel performed further actions relating to the correction of the PSI. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that the district court judge was biased and his sentence was excessive. These claims were not permissible in a post-conviction petition for a writ of habeas corpus that challenges a

judgment based upon a guilty plea. See NRS 34.810(1)(a). Therefore, the district court did not err in denying these claims. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Douglas W. Herndon, District Judge
      Lonnie Jay Loucks
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

_____

[2]Appellant failed to demonstrate that the district court erred in denying his motion for the appointment of counsel or his motion to amend, which requested that the district court appoint counsel to file an amended petition. See NRS 34.750. Further, the district court did not deny appellant's motion to proceed in forma pauperis, and therefore, appellant was not an aggrieved party who may seek appellate relief regarding that motion. See NRS 177.015.