An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY MICHAEL STIEGLER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63036

**FILED**

JUN 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant filed a proper person petition on August 21, 2007, raising claims of ineffective assistance of counsel. The district court denied the petition on the merits. On appeal, this court affirmed the denial of most of the claims but reversed on two claims—the ineffective assistance of trial counsel for failure to call a toxicologist and a forensic pathologist at trial—and remanded to the district court to hold an evidentiary hearing on those claims. *Stiegler v. State*, Docket No. 51016 (Order Affirming in Part, Reversing in Part and Remanding, September 30, 2009). On remand, the district court appointed counsel, held an evidentiary hearing, and denied the petition as to the remaining claims.

Appellant now challenges the denial of only one claim—the ineffective assistance of trial counsel for failure to call a toxicologist at trial. To prove ineffective assistance of counsel, a petitioner must

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19261

demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that counsel should have called a toxicologist to bolster appellant's claim of self-defense and to support the defense theory that the victim died of drug and alcohol use or heart malfunction. Appellant contends that the victim was under the influence of cocaine, methamphetamine, and alcohol at the time of his death, which would have contributed to his aggressive behavior towards appellant.

Appellant has failed to demonstrate prejudice. Appellant confessed that he hit the victim with a metal pipe multiple times in self-defense to knock a gun out of the victim's hand. At some point while hitting the victim, appellant "blacked out" and, when he came to, he was standing over the unconscious victim. Appellant testified that the victim was still breathing at that point but died later, at which time appellant taped a plastic sheet around the victim's body and hid him under a

stairwell. The medical examiner testified at trial that the victim suffered 14 lacerations to the head and was found with plastic sheeting covering his face. The medical examiner testified that she believed that the victim died from concurrent causes of blunt force head trauma and asphyxiation. Although she could not determine whether the plastic was placed over his head before or after death, she testified that ligature marks on the victim's wrists and swelling of his hands indicated that he had been alive when he was tied up. The medical examiner also testified that the victim had low levels of cocaine and methamphetamine in his body at the time of the autopsy, but he did not die of a drug overdose or heart attack.

At the evidentiary hearing, a toxicologist testified that the victim had ingested cocaine within 4 or 5 days of his death but that it was difficult to narrow down the time frame further because the victim's body was not discovered until four or five months after his death and was in an advance stage of decomposition. We conclude that substantial evidence supports the district court's finding that the toxicologist's testimony would not have been helpful to bolster appellant's self-defense theory at trial, as it was inconclusive from the toxicology report whether the victim was under the influence of drugs or alcohol at the time of his death. We also conclude that substantial evidence supports the district court's finding that the toxicologist's testimony concerning the effect of drugs on a user's health would have been irrelevant, as neither the toxicologist or medical examiner opined that the victim died of a heart attack or a drug overdose.

Therefore, we conclude that the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. James M. Bixler, District Judge
     Law Office of Julian Gregory, L.L.C.
     Law Office of Lisa Rasmussen
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[1]Appellant's opening and reply briefs do not comply with the Nevada Rules of Appellate Procedure because they are not double-spaced. *See* NRAP 32(a)(4). We caution counsel that future failure to comply with the rules of this court when filing briefs may result in the imposition of sanctions.