An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SYLVESTER TATUM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64394

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying appellant's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Sylvester Tatum's sole contention on appeal is that the district court erred in denying his claim that trial counsel was ineffective for failing to relay a plea offer to him prior to trial and appellate counsel was ineffective for failing raise an argument concerning the plea offer.[1] We conclude that Tatum failed to demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulted in prejudice such that there was a reasonable probability of a different result in the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*,

---

[1]To the extent that Tatum argues that appellate counsel was ineffective for failing to assert a claim of ineffective assistance of trial counsel, we conclude that this claim lacks merit. *See Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 534-35 (2001) (recognizing that this court will decline to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19224

100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984). The district court conducted an evidentiary hearing during which trial counsel testified that he believed that the State offered a plea to a low-level trafficking offense shortly before trial, but counsel could not specifically recall the offer. Counsel did not discuss the offer with Tatum at the time of the offer. An assistant district attorney testified that he did not recall such an offer being made shortly before trial. Based on the testimony, the district court found that the State never made the alleged offer. The district court's factual findings are supported by substantial evidence. *Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994) (affording deference to district court's factual findings that are supported by substantial evidence). Tatum failed to meet his burden of demonstrating that counsel received an offer from the State that he failed to convey to Tatum. *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004) (requiring proponent of ineffective assistance of counsel claim prove allegations by a preponderance of the evidence); *see Missouri v. Frye*, 566 U.S. ___, ___, 132 S. Ct. 1399, 1409 (2012) (to demonstrate ineffective assistance of counsel from failure to communicate plea offer, proponent must show counsel failed to communicate offer and that client would have accepted offer). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.          _____Saitta_____, J.
Parraguirre                                          Saitta

cc:    Hon. Carolyn Ellsworth, District Judge
        Carmine J. Colucci & Associates
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk