An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JIM B. HOLDEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62999

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on April 17, 2009. The district court denied the petition in its entirety and appellant appealed the denial. On December 12, 2012, this court affirmed in part, reversed in part, and remanded for the district court to hold an evidentiary hearing regarding whether counsel was ineffective, pursuant to *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), for failing to relay a plea offer to appellant. *Holden v. State*, Docket No. 58143 (Order Affirming in Part, Reversing in Part, and Remanding, December 12, 2012). After an evidentiary hearing held on April 11, 2013, the district court determined that counsel was not ineffective. This appeal followed.

Appellant claims that the district court erred in denying his claim that counsel was ineffective for failing to communicate a formal plea offer to him. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that

14-23937

there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). Defense counsel has a duty to communicate formal plea offers and, to demonstrate prejudice, a defendant must demonstrate a reasonable probability that he would have accepted the more favorable plea offer but for counsel's deficient performance and that the plea would have been entered without the State's withdrawing the offer or the district court refusing to accept the plea. *Frye*, 566 U.S. at ___, 132 S. Ct. at 1409. We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

We conclude that substantial evidence supports the district court's decision. At the evidentiary hearing the district court heard testimony from trial counsel, appellant, and the prosecutor. Based on that testimony, the district court concluded that appellant failed to demonstrate that there was a formal plea offer, that trial counsel failed to communicate an offer to appellant, or that there was prejudice. Specifically, the district court found that no formal offer was made because the terms were not set: the prosecutor told appellant that he would also have to plead guilty to first-degree murder in another case in order to receive a plea deal in the instant case, and appellant rejected those

SUPREME COURT
OF
NEVADA

(O) 1947A

2

negotiations immediately because they would result in a life sentence in the other murder case. Trial counsel did not fail to communicate these negotiations to appellant; appellant spoke directly to the prosecutor about the negotiations. The district court's factual findings are supported by the record and, based on those findings, we agree with the district court's conclusion that appellant failed to demonstrate that trial counsel provided ineffective assistance. Accordingly, we

ORDER the judgment of the district court AFFIRMED.



_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Elissa F. Cadish, District Judge
      Christopher R. Oram
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk