An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY MICHAEL MARCELLI,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 65344

**FILED**

SEP 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Tenth Judicial District Court, Churchill County; Robert E. Estes, Senior Judge.

Appellant pleaded guilty pursuant to *Alford*,[1] to attempting to make threats or convey false information concerning acts of terrorism, weapons of mass destruction, or lethal agents or toxins. *See* NRS 193.330; NRS 202.448. This court affirmed the judgment of conviction, *Marcelli v. State*, Docket No. 58576 (Order of Affirmance, March 7, 2012), and appellant filed a post-conviction petition for a writ of habeas corpus challenging trial counsel's representation as ineffective. The district court denied the petition after conducting an evidentiary hearing. On appeal he raises a single claim of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31802

counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Appellant argues that the district court erred by denying his claim that trial counsel was ineffective because counsel did not understand the elements of the offense to which appellant pleaded guilty, failed to explain the elements of the offense to appellant, and failed to determine if the facts the State alleged satisfied the statutory elements of the offense. As a result, appellant argues, he is "likely actually innocent of the offense charged" because the facts do not support the elements of the charged offense. Appellant's arguments center on his challenge to the "act of terrorism" element in NRS 202.448(1), which is defined in relevant part as "any act that involves the use or attempted use of sabotage, coercion or violence which is intended to: (a) Cause great bodily harm or death to the general population," NRS 202.4415(1). Appellant argues that because the

threat was directed to one person as opposed to the general population, the threat was not an "act of terrorism."

At the evidentiary hearing, trial counsel testified that the State had evidence establishing that appellant called a Walmart store and threatened the manager that he would come to the store and shoot the manager if the manager did not rehire a terminated employee. Appellant also reminded the manager about the shooting in Tucson, Arizona that had occurred the previous week where many people were killed or injured. Trial counsel explained that he was familiar with the statutory elements of the offense and that he believed that the evidence satisfied the elements of the offense because appellant's reference to the Arizona shooting implied that he was "willing to shoot a bunch of people at the Walmart." Counsel acknowledged that no Nevada case had interpreted NRS 202.448 and that he did not research other jurisdictions with a similar statute concerning interpretations of an "act of terrorism." Counsel further testified that he discussed the charge with appellant and answered appellant's questions. Additionally, appellant stated during the plea canvass that he discussed the charge and the facts and circumstances of the offense with counsel. Further, the written plea agreement shows that he discussed the elements of the offense with counsel and understood the nature of the charge. We conclude that the district court's factual findings are supported by the record and that it did not err in concluding that

appellant failed to show that counsel's representation was ineffective under *Strickland*. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                                Cherry

cc:    Chief Judge, The Tenth Judicial District
       Hon. Robert E. Estes, Senior Judge
       Evenson Law Office
       Churchill County District Attorney/Fallon
       Attorney General/Carson City
       Churchill County Clerk

---

[2]To the extent appellant suggests that his plea was involuntary and unknowing due to counsel's alleged ineffectiveness, we conclude that no relief is warranted.