An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LARRY DWAYNE SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65988

FILED

OCT 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In his petition, filed on November 26, 2013, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34437

88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

Appellant claimed that counsel was ineffective for failing to file a pretrial motion to suppress the victim's one-on-one identification of appellant as unnecessarily suggestive. Appellant failed to demonstrate deficiency or prejudice. Appellant has not disputed that he was the person with whom the victim initially spoke and later confronted about the theft of a ticket. Counsel was not objectively unreasonable in not moving to suppress the identification where identity was not an issue in the case. Further, even if the one-on-one identification were unnecessarily suggestive, appellant failed to demonstrate that the motion would have been successful, because the identification was nevertheless reliable where the victim pointed to appellant almost immediately upon exiting the restroom where the theft occurred, the victim was "100%" certain in the subsequent one-on-one identification, and there was only approximately one hour between the theft and the one-on-one identification. *See Gehrke v. State*, 96 Nev. 581, 583-84, 613 P.2d 1028, 1029-30 (1980) (setting forth the test for admitting pretrial identifications at trial). Moreover, even had the victim's identification of appellant been suppressed, appellant demonstrated no reasonable probability of a different outcome where appellant's brother testified to observing him take the victim's property.

We therefore conclude that the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:   Hon. Kathleen E. Delaney, District Judge
      Larry Dwayne Smith
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]The district court did not abuse its discretion in declining to appoint post-conviction counsel. *See* NRS 34.750.