# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLARENCE ALVIN GAMBLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67868

FILED

JUN 17 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Clarence Alvin Gamble's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Gamble contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate and present evidence that he suffered from health conditions and was taking medications which might have affected his cognitive abilities at the time he committed the crimes.[1] Gamble fails to demonstrate that counsel was deficient or that he was prejudiced. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (setting forth a two-part test of deficiency and prejudice); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Gamble merely lists health conditions he suffered from and medications he was prescribed and surmises, without adequate explanation, that they might have affected his mental status and thereby negated the mens rea component of the crimes. Even crediting this bare assertion, Gamble fails to square it with his trial

_____

[1]Gamble was convicted of aggravated stalking and first-degree murder with use of a deadly weapon.

16-19049

testimony that he pursued the victim because he wanted to know why she left him and killed her in self-defense. We thereby conclude that Gamble fails to demonstrate that the district court erred. See *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005) (recognizing that we give deference to the district court's factual findings when reviewing its resolution of a postconviction petition but review the court's application of the law to those facts de novo).[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:  Hon. Linda Marie Bell, District Judge
     Oronoz & Ericsson
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[2]Gamble also contends that the district court abused its discretion by denying his request for neurological testing. We disagree. The district court provided Gamble with ample opportunity to substantiate the claims raised in his petition and conducted two evidentiary hearings, at which Gamble presented expert testimony. After the second evidentiary hearing, Gamble filed a supplemental petition wherein he explained that, if the district court was not satisfied by his expert's testimony, he requested authorization to retain a different expert so he could try again. The district court demurred. Gamble fails to convince us that the district court abused its discretion.