# IN THE SUPREME COURT OF THE STATE OF NEVADA

TITO BARRON-AGUILAR,
Appellant,
vs.
HAROLD WICKHAM, WARDEN,
Respondent.

No. 71689

**FILED**

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Tito Barron-Aguilar's May 16, 2016, postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge. Barron-Aguilar argues that he received ineffective assistance of trial counsel. We disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations not belied or repelled

17-23015

by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Barron-Aguilar first argues that trial counsel should have investigated more thoroughly, specifically regarding the police informant and methamphetamine found in the informant's possession before the informant conducted a supervised buy with Barron-Aguilar. Barron-Aguilar argued in his habeas petition that this would have supported an argument that he was not the source of the seized methamphetamine. The record belies this argument, however, as Barron-Aguilar conceded at trial that he conveyed drugs to the informant. *See Barron-Aguilar v. State*, Docket No. 66899 (Order of Affirmance, November 13, 2015). The district court therefore did not err in denying this claim without conducting an evidentiary hearing.

Barron-Aguilar next argues that trial counsel should have requested a more "complete" jury instruction on his theory that he was merely acting as a procuring agent for the informant. Barron-Aguilar has failed to identify how the procuring-agent instruction given was incomplete and, accordingly, has failed to show that counsel's performance was deficient or that he was prejudiced by the instruction given. The district court therefore did not err in denying this claim without conducting an evidentiary hearing.

Lastly, Barron-Aguilar argues that the district court should have appointed postconviction counsel. Barron-Aguilar was not entitled to postconviction counsel as a matter of right. *See Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 871-72 (2014). While Barron-Aguilar asserts that he "may" have difficulties understanding the proceedings, he has failed to show that his case presents difficult issues or matters on

Supreme Court
OF
Nevada

(O) 1947A

2

which counsel is needed to conduct discovery. *See* NRS 34.750(1). Accordingly, the district court did not abuse its discretion in denying his request for appointed counsel. *See Renteria-Novoa v. State*, 133 Nev., Adv. Op. 11, 391 P.3d 760, 760-61 (2017) (reviewing district court's denial of appointment of postconviction counsel for abuse of discretion).

Having considered Barron-Aguilar's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Scott N. Freeman, District Judge
        Tito Barron-Aguilar
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk