# IN THE SUPREME COURT OF THE STATE OF NEVADA

DOYLE BINGHAM,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71474

FILED

SEP 13 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Appellant contends that the district court erred by denying his petition, which raised challenges to his sentence. We disagree and affirm.[1]

First, appellant contended that sentencing him in excess of that negotiated by the parties violated the terms of his guilty plea agreement. The district court concluded that appellant's claim was waived because it could have been raised on direct appeal. We agree. *See* NRS 34.810(1)(b)(3). To the extent appellant alleged that his plea was not knowingly entered because he was led to believe that his sentence could not exceed that negotiated in the agreement, his claim lacked merit. Although appellant negotiated a stipulated sentence of no more than ten years, his guilty plea agreement stated that he had not been promised a particular sentence and

---

[1]Appellant filed a document in this court seeking review of the district court's order denying his petition. We construe this document as an informal pro se brief pursuant to NRAP 28(k). We conclude that a response to the pro se brief is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVAOA

(O) 1947A

17-30877

that his sentence was to be determined solely by the court. The agreement also stated that the district court could sentence him to a minimum of 2 years and a maximum of 20 years and that the counts could run consecutively. During the plea canvass, appellant acknowledged that sentencing was up to the district court and that he understood the range of punishments available. Thus, the totality of the circumstances demonstrates that appellant knowingly entered his plea. *See State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000) ("This court will not invalidate a plea as long as the totality of the circumstances, as shown by the record, demonstrates that the plea was knowingly and voluntarily made and that the defendant understood the nature of the offense and the consequences of the plea."); *Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 537-38 (2004) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently.").

Second, appellant contended that trial counsel was ineffective for failing to object to the sentence and present the terms of the guilty plea agreement as mitigating evidence. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (setting forth a two-part test of deficient performance and prejudice); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Accordingly, we conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Having considered appellant's contentions and concluded that no relief is warranted,[2] we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. William D. Kephart, District Judge
      Doyle Bingham
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]We also conclude that the district court did not abuse its discretion by declining to appoint postconviction counsel. *See* NRS 34.750.