# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DAVID ANTHONY GONZALEZ,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 71164 |
| DAVID ANTHONY GONZALEZ,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 71997 |

FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are pro se appeals from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Appellant David Gonzalez contends that the district court erred by denying his petition without conducting an evidentiary hearing. We conclude that the district court did not err and affirm.[1]

First, Gonzalez contends that counsel was ineffective for failing to request an instruction pursuant to *Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006), which would have explained the circumstances in which a defendant may be convicted of first-degree kidnapping and robbery.

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-43272

To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Even assuming that counsel was deficient, we conclude that Gonzalez fails to demonstrate prejudice. The jury found that Gonzalez and his codefendants conspired to rob the victim of gift cards and other property. The victim got into a car driven by Gonzalez. After the victim turned over the gift cards, Gonzalez displayed a handgun, prevented the victim from escaping the vehicle, and drove him to a different location where the robbery was completed. These actions clearly involved greater danger and substantially more movement than required to complete the robbery, even if the victim entered the vehicle intending to exchange the cards somewhere else. *See Mendoza*, 122 Nev. at 275, 130 P.3d at 181. Because there is not a reasonable probability of a different result, we conclude that the district

court did not err by denying this claim.[2] For the same reason, we conclude that the district court did not err by denying Gonzalez's claim that counsel should have objected when the prosecutor did not mention the *Mendoza* requirements during closing argument.

Next, Gonzalez contends that counsel should have moved to "suppress" the deadly weapon enhancement because the State could not prove that he used a firearm. The victim testified that Gonzalez displayed a handgun during the robbery. *See* NRS 193.165(6) (defining deadly weapon). Thus, Gonzalez fails to demonstrate deficient performance or prejudice.

Next, Gonzalez contends that counsel incorrectly told him that he would not be able to mention statements he gave law enforcement after he was arrested if he testified at trial. Gonzalez fails to demonstrate that counsel's statement was misleading or incorrect under the circumstances. Thus, he fails to demonstrate deficient performance or prejudice.

---

[2]On direct appeal, Gonzalez argued that the district court erred by failing to give a *Mendoza* instruction. We concluded that appellant failed to demonstrate plain error that affected his substantial rights. *Gonzalez v. State*, Docket No. 67148 (Order Affirming in Part, Reversing in Part, and Remanding, May 12, 2016), at 4-5. Gonzalez raised the claim again in his petition and the district court denied it as barred by the law-of-the-case doctrine. *See Hsu v. Cty. of Clark*, 123 Nev. 625, 629-30, 173 P.3d 724, 728 (2007) (precluding reconsideration of principles or rules of law necessary to an appellate decision in subsequent appeals). On appeal, appellant contends that counsel's failure to "federalize" the claim constitutes good cause to raise the claim again. We disagree and conclude that the district court did not err by denying this claim.

Supreme Court
OF
Nevada

(O) 1947A

Having considered Gonzalez's contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. William D. Kephart, District Judge
David Anthony Gonzalez
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk