# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMEILEN DELLUMARIES GILES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75772



FILED

APR 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S.Young_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying Jameilen Dellumaries Giles' postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge. Giles argues that he received ineffective assistance of trial and appellate counsel. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing its application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we disagree and affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised

SUPREME COURT
OF
NEVADA

(O) 1947A

19-16062

reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

Giles argues that trial counsel should have investigated a pedestrian and a Dodge Durango that had been near the scene of the robbery but were not identified. The record shows that the pedestrian had been speaking with police nearby before the robbery occurred but that his name was not recorded and that the Durango was Giles' apparent getaway vehicle that fled the scene and eluded contemporaneous police attempts to locate it. Trial counsel testified that she unsuccessfully tried to identify the pedestrian and the vehicle from investigating the police records, and the district court found that counsel did all the investigation that could have been done. Giles has not explained what additional investigation could have been undertaken and has not shown what further investigation would have revealed that could have led to a reasonable probability of a different outcome, particularly given the overwhelming evidence of guilt, including being discovered by police shortly after the robbery with a bandana on his face, clutching a wad of cash and a gun, and confessing. Accordingly, Giles has not shown that trial counsel was ineffective in this regard. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). The district court therefore did not err in denying this claim.

Giles also argues that appellate counsel should have argued that his written statement to police was involuntary. The record shows that Giles was read his *Miranda* rights after his arrest; that he voluntarily, knowingly, and intelligently waived those rights in agreeing to speak with the police; and that merely two hours elapsed between his arrest and his writing a statement. Giles has not shown that a suppression argument would have had a likely chance of success on appeal, *see Koger v. State*, 117

Nev. 138, 141-43, 17 P.3d 428, 430-32 (2001) (discussing waiver inquiry and noting that gaps of multiple days do not per se invalidate waiver), and counsel is not ineffective in omitting futile claims, *see Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying this claim.

Having considered Giles' contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Silver

cc:    Chief Judge, Eighth Judicial District Court
       Eighth Judicial District Court, Department 6
       Benjamin Durham Law Firm
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk