# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH TARIN REGALA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75349

FILED

NOV 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
　　DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Joseph Regala filed his petition on May 8, 2014, more than three years after the remittitur issued from his direct appeal on January 4, 2011. *Regala v. State*, Docket No. 54974 (Order of Affirmance, December 10, 2010). Thus, Regala's petition was untimely filed and procedurally barred absent a demonstration of good cause and undue prejudice. *See* NRS 34.726(1). The district court found good cause and prejudice to overcome the procedural bar, conducted an evidentiary hearing, and denied the petition on the merits.[1]

---

[1]We decline the State's invitation to affirm on the ground that the district court reached the correct result but for the wrong reason because it should have denied the petition as procedurally barred.

19-46842

Regala contends that trial counsel should have challenged his competency to stand trial. He asserts that his history of mental health issues, unusual behavior at trial, a finding of incompetency in another case several months after the trial, and a psychologist's testimony during this postconviction proceeding established his incompetency at the time of trial. We conclude that substantial evidence supports the district court's conclusion that trial counsel did not perform deficiently. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (requiring a petitioner show that (1) counsel's performance fell below an objective standard of reasonableness (deficient performance) and (2) a reasonable probability of a different outcome but for counsel's deficient performance (prejudice)); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting test in *Strickland*). Generally, a competency hearing is warranted when there is a reasonable doubt as to the defendant's competency—whether the defendant is able to understand the charges and the nature and purpose of the proceedings and to assist counsel. *See* NRS 178.400(2); *Melchor-Gloria v. State*, 99 Nev. 174, 179-80, 660 P.2d 109, 113; *see also Dusky v. United States*, 362 U.S. 402 (1960). The record shows that trial counsel was aware of Regala's mental health issues. She testified below that Regala's impairments required simple, methodical explanations to communicate with him. In her judgment, she was able to communicate with him and he could understand what was happening when provided with simple explanations. The district court found trial counsel's testimony was credible, and we are in no position to second-guess that determination. *See State v. Rincon*, 122 Nev. 1170, 1177, 147 P.3d 233, 238 (2006) (emphasizing that this court will not second-guess the district court's findings as to the

 

credibility of witnesses and evidence when that court is acting as the trier of fact because in those circumstances "the district court is in the best position to adjudge the credibility of the witnesses and the evidence"); *Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994) (giving deference to district court's findings related to ineffective-assistance claim, including credibility determination). Supporting trial counsel's assessment at the time, most of the pretrial detention psychiatric progress notes did not indicate any meaningful impairment, and when Regala was canvassed about his right to testify during trial, he was able to acknowledge his rights when given sufficient explanation. Under these circumstances, Regala did not demonstrate that trial counsel failed to exercise "reasonable professional judgment" in not requesting a competency hearing. *Strickland*, 466 U.S. at 690. Therefore, the district court did not err in denying this claim.

Regala also argues that counsel should have pursued a defense based on his mental illness. Regala did not demonstrate deficient performance or prejudice. First, trial counsel introduced psychological evidence and argued that Regala's mental illness affected his ability to premeditate and deliberate as charged. Second, given the nature of Regala's actions during the offense and his statements to police, he failed to demonstrate a reasonable probability of a different outcome had trial counsel pursued an insanity defense as Regala failed to demonstrate legal insanity—that he was in a delusional state and as a result did not know or understand the nature and capacity of his act or could not appreciate the wrongfulness of his act. *See Finger v. State*, 117 Nev. 548, 576, 27 P.3d 66,

84-85 (2001). Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

cc:    Hon. Eric Johnson, District Judge
       Law Office of Christopher R. Oram
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.