# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEVON EDWARD COOPER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77592

**FILED**

DEC 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant Devon Cooper had four pending criminal cases with three different attorneys representing him—Jonathan Powell (case A), Claudia Romney (cases B and C), and Scott Eichhorn (case D). The prosecutor offered a global plea agreement in which (1) the charges in this case (case D) would be dismissed, (2) Cooper would abandon the motion to withdraw his guilty plea in case A and proceed with a previously-stipulated sentence, and (3) Cooper would plead guilty in cases B and C, stipulating to habitual criminal adjudication and two concurrent terms of 10 to 25 years. This global plea agreement was not accepted. Ultimately, Cooper abandoned the motion to withdraw his guilty plea in case A and went forward with the previously-stipulated sentence. He also pleaded guilty or nolo contendere in cases B, C, and D pursuant to another plea agreement and stipulated to habitual criminal adjudication and three concurrent terms—5 to 15 years in case B and life with the possibility of parole after 10 years in cases C and D.

19-50414

In this appeal, Cooper claims the district court erred by rejecting his claim that Romney should have communicated with him in person during the time the global plea agreement was offered and finalized his acceptance of the global plea agreement after he abandoned the motion to withdraw his guilty plea in case A.[1] To prove ineffective assistance of counsel, Cooper had to demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and Cooper had to demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

Regarding a plea offer, "counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012) (finding deficient performance where counsel "allowed the offer to expire without advising the defendant or allowing him to consider it"). To demonstrate prejudice when a plea offer has been rejected or expired due to counsel's deficient performance "defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer . . . [and] a

---

[1]In *Cooper v. State*, Docket No. 72315 (Order of Reversal and Remand, November 15, 2017) at 2-3, this court allowed Cooper "to challenge Romney's performance to the extent he can demonstrate that he was prejudiced in this case" based on "these extremely unusual circumstances."

reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." *Id.* at 147. Additionally, "it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Id.* We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and not clearly wrong but review the district court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

At the evidentiary hearing, Romney indicated that she spoke with Cooper multiple times while the offer was pending, relayed the global plea offer to him, explained the charge and the supporting evidence, reviewed the discovery with him, and discussed the deadline for the plea offer. Approximately a week before the deadline, Cooper indicated to Romney that he did not want to negotiate. Romney testified that neither Powell nor Cooper ever informed her that Cooper abandoned the motion to withdraw his guilty plea in case A for the purpose of entering into the global plea agreement. Powell testified that Cooper was reluctant about the global plea agreement on the day of the deadline, but that the State extended the offer for a brief time. Powell indicated that at the subsequent deadline Cooper still had concerns about the global plea agreement. Powell asked the State to again extend the deadline to allow Cooper time to discuss the offer with his other attorneys; the State never affirmatively represented that it would extend the deadline again.

The district court found that Powell and Romney were credible and that Romney was not ineffective in communicating the offer to Cooper.

SUPREME COURT
OF
NEVADA

(O) 1947A

3

It additionally found that Cooper had not shown a reasonable probability that the State would have continued to offer the global plea agreement after the second deadline had passed. Because the district court's factual findings are supported by substantial evidence and are not clearly wrong, we conclude that Cooper has failed to show deficient performance or resulting prejudice and therefore is not entitled to relief. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.
Cadish

_____, Sr. J.
Douglas

cc: Hon. Ronald J. Israel, District Judge
Resch Law, PLLC d/b/a Conviction Solutions
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.