# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEVON EDWARD COOPER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78066

FILED

MAR 17 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Eric Johnson, Judge. Appellant Devon Edward Cooper argues that he received ineffective assistance from counsel during his plea negotiations. The district court denied his petition. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the

20-10486

law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Cooper argues that counsel should have discussed the State's global offer to plead to several pending cases more thoroughly and timely relayed his desire to accept it to the State. The district court found that counsel conveyed the plea offer to Cooper, advised him about it, and provided him with time to consider it. The district court also found that Cooper did not indicate an intent to agree to the global plea offer before it expired. These findings are supported by substantial evidence and not clearly wrong. Accordingly, Cooper has not shown deficient performance. *See Missouri v. Frye*, 566 U.S. 134, 145 (2012). Specifically, Cooper had several pending cases, and the State made a global plea offer, stipulating to argue for concurrent sentences of 10 to 25 years in each case. The State informed defense counsel of this offer on March 13, 2013, and provided that the offer would expire on March 25. Defense counsel in this case, Claudia Romney, testified that she discussed the offer with Cooper on March 18 and March 20 and that Cooper declined to accept the State's terms. Attorney Jonathan Powell, who represented Cooper in a different case, testified that he first discussed the global plea offer with Cooper on March 13 and that Cooper was not prepared to accept the plea offer as of discussions they had on March 25 and March 26. Part of the plea offer required Cooper to abandon his motion to withdraw an earlier guilty plea in Powell's case. At a hearing on March 27 where Cooper agreed to abandon his motion to withdraw his earlier guilty plea, Powell acknowledged the deadline on the global offer, but relayed that Cooper was not yet prepared to accept the global offer and asked the State to extend the deadline. The State did not commit to extending the deadline. Cooper did not express an intent to agree

to a global plea offer in this case until the morning of trial eight months later. Cooper's argument that he accepted the global plea offer by performance in abandoning his motion to withdraw the earlier guilty plea fails because Powell expressly noted that Cooper had not decided to accept the global plea offer when he informed the court that Cooper abandoned the other motion. The district court therefore did not err in denying this claim.

Having considered Cooper's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Silver

cc:    Hon. Eric Johnson, District Judge
       Zaman Legal
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk