IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIO ESPINOZA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 79181

FILED

JUL 1 6 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge. Appellant Mario Espinoza argues that he received ineffective assistance of counsel. The district court denied his petition without conducting an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or

repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Espinoza first argues that counsel should have requested a psychological evaluation to present Espinoza's mental illness to the sentencing court, rather than just providing the court with his medical records. Espinoza did not raise this claim below, and we decline to consider it for the first time on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means*, 120 Nev. at 1012-13, 103 P.3d at 33.

Espinoza next argues that counsel should have provided the medical records earlier to allow the sentencing judge more time to review them. Espinoza likewise did not raise this claim below. Insofar as this claim falls within the scope of his claim below that counsel should have produced a sentencing memorandum to provide a narrative accompanying the medical records, Espinoza has not shown a reasonable probability of a different outcome had counsel presented the medical records earlier. Counsel argued that Espinoza's crimes were the tragic result of an episode of mental illness, provided medical records corroborating his illness, and provided Espinoza's sister's letter addressing Espinoza's illness and personal history as a victim of abuse. The sentencing judge noted that she had reviewed the materials submitted by counsel and explained that she considered a sentence of life with the possibility of parole in light of Espinoza's mental illness but decided in favor of a life-without-parole

sentence because of his pattern of bad decisions. The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Espinoza argues that counsel should have presented mitigating evidence. He argues that counsel failed to present some and failed to investigate others. Espinoza did not raise this claim below. Insofar as this claim falls within the scope of his claim below that counsel did not advocate in his behalf and did not advocate for the shortest sentence, that claim is belied by the record. Counsel presented mitigating evidence, argued that Espinoza could be rehabilitated, and argued in favor of a sentence of life with the possibility of parole. The district court therefore did not err in denying this claim without an evidentiary hearing.

Having considered Espinoza's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Valerie Adair, District Judge
        Jeannie N. Hua
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk