# IN THE SUPREME COURT OF THE STATE OF NEVADA

TAMIR HAMILTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69467

**FILED**

APR 06 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK


## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Tamir Hamilton's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Hamilton was charged with sexually assaulting and murdering a 16-year-old girl. The State filed a notice of intent to seek the death penalty and alleged four aggravating circumstances: (1) the murder involved the torture or mutilation of the victim; (2) Hamilton had a prior conviction for battery with the use of a deadly weapon; (3) Hamilton had a prior conviction for sexual assault; and (4) Hamilton sexually assaulted the victim. Hamilton pleaded not guilty by reason of insanity. A jury convicted him of first-degree murder with the use of a deadly weapon and sexual assault with the use of a deadly weapon and found each of the aggravating circumstances alleged. The jury concluded that the mitigating circumstances presented by Hamilton did not outweigh the aggravating circumstances and imposed a death sentence. This court affirmed Hamilton's judgment of conviction on appeal. *Hamilton v. State*, Docket No. 51739 (Order of Affirmance, March

*18-13273*

3, 2010). He then filed a timely postconviction habeas petition, which the district court denied after an evidentiary hearing.

Hamilton contends that the district court erred by denying his petition, which included claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

*Presenting an insanity defense*

Hamilton contends counsel were ineffective for presenting an insanity defense that was not supported by the evidence or the defense expert, Dr. Schmidt. Hamilton argues there is a reasonable probability of a different result had counsel presented a more plausible defense, such as arguing that his chronic drug use made him unable to form the specific intent to commit first-degree murder.

Hamilton fails to demonstrate that counsel were ineffective. At the evidentiary hearing, counsel testified that she believed the defense would lose credibility with the jury if they argued that someone else

committed the murder, and that presenting an insanity defense was an effective way to inform the jury of Hamilton's mental health issues in a way that would be consistent with arguments they would make in a penalty phase. Although there might have been other defenses which were better supported by the evidence, counsels' strategic decision regarding which defense to present was not objectively unreasonable. *See Strickland*, 466 U.S. at 689 ("Even the best criminal defense attorneys would not defend a particular client in the same way."); *see also Florida v. Nixon*, 543 U.S. 175, 191 (2004) (explaining that "when the evidence is overwhelming and the crime heinous," "[c]ounsel . . . may reasonably decide to focus on the trial's penalty phase, at which time counsel's mission is to persuade the trier that his client's life should be spared"). Hamilton also fails to demonstrate a reasonable probability of a different result in the guilt or penalty phases had counsel taken a different approach given the overwhelming evidence that he committed the murder and the aggravating circumstances as described more fully below. Accordingly, we conclude that he fails to demonstrate that the district court erred by denying this claim.

*Failing to prepare an expert*

Hamilton argues that counsel should have provided Dr. Schmidt with evidence to support his conclusion that Hamilton was schizophrenic so the State could not attack his testimony as uncorroborated. Hamilton fails to demonstrate that counsel were ineffective. Assuming, without deciding, that an attorney conducting a reasonable investigation could have found the corroborating witnesses Hamilton alleges counsel should have uncovered, counsel could have reasonably concluded they had gathered enough evidence on the issue of whether Hamilton was schizophrenic. *Strickland*, 466 U.S. at 690 ("[A] particular decision not to

SUPREME COURT
OF
NEVADA

(O) 1947A

3

investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."). Aside from Dr. Schmidt, the defense presented testimony from other doctors who treated Hamilton for schizophrenic symptoms during his incarceration and evidence that Hamilton's mother is schizophrenic and a person is more likely to have schizophrenia if their parent does as well. *See Elam v. Denney*, 662 F.3d 1059, 1065 (8th Cir. 2011) (recognizing that counsel is not ineffective for failing to present cumulative evidence supporting an expert's testimony). Hamilton also fails to demonstrate a reasonable probability of a different result in the guilt or penalty phases had counsel taken a different approach.

*Failure to investigate and present compelling mitigating evidence*

Hamilton asserts that counsel's mitigation presentation was incomplete and superficial. He asserts that instead of the dry presentation, which mostly focused on counsel "dumping" records on the jury and summarizing them in argument, counsel should have presented live witnesses who could have brought the information in the records to life.

Assuming, without deciding, that an attorney conducting a reasonable investigation would have found the witnesses Hamilton has uncovered, we nevertheless conclude that Hamilton fails to demonstrate that counsel were ineffective. "This is not a case in which the defendant's attorneys failed to act while potentially powerful mitigating evidence stared them in the face, or would have been apparent from documents any reasonable attorney would have obtained." *Bobby v. Van Hook*, 558 U.S. 4, 11 (2009) (internal citations omitted); *see Mobley v. Turpin*, 502 S.E.2d 458, 464 (Ga. 1998) ("In cases where we have held that lawyers failed to conduct an effective investigation, trial counsel either did no investigation or had

obvious avenues of investigation available to them that reasonable counsel would have pursued and they did not pursue."). Counsel recognized that Hamilton's childhood trauma would be the centerpiece of their mitigation presentation and set out to find as much information about it as possible. Hamilton's defense team included multiple lawyers, an investigator, and a mitigation specialist. The defense team interviewed, or tried to interview, dozens of witnesses and uncovered what has been described as thousands of pages of records from the California Department of Children's Services, the juvenile court system, and other records from Hamilton's youth. Counsel admitted the records into evidence and described them in their opening statement and closing argument. The defense also visited the neighborhoods where Hamilton grew up, took pictures, and tried to find yearbooks, photographs, and other items. The defense even located Hamilton's biological mother. Counsels' investigation was reasonable, and their failure to find every helpful witness does not render their performance deficient. *See Mobley*, 502 S.E.2d at 464 ("The failure of trial counsel to uncover every possible favorable witness does not render their performance deficient. We recognize that post-conviction counsel will almost always be able to identify a potential mitigation witness that trial counsel did not interview or a record that trial counsel did not obtain.").

Hamilton's reliance on *Johnson v. Bagley*, 544 F.3d 592 (6th Cir. 2008), to support his contention that counsel's mitigation presentation was deficient lacks merit. In *Johnson*, the Sixth Circuit Court of Appeals concluded that counsel was ineffective for "dump[ing]" records on the jury "without organizing the files, reading them, eliminating irrelevant files or explaining to the jury how or why they are relevant." *Id.* at 603. Here, counsel read the records and described the information contained in the

records to the jury. Although Hamilton asserts that most of the records were irrelevant, he has not provided this court with all of them and therefore we cannot fairly assess that contention.[1] Moreover, during trial, counsel explained their reason for presenting all of the records they had uncovered, stating the jury could learn "the good and the bad of and the ugly of [Hamilton's] life." Under these circumstances, we cannot conclude that counsel were deficient.[2]

Hamilton also fails to demonstrate that he was prejudiced. While it is accurate that the witnesses Hamilton has since uncovered are more compelling than those who testified before the jury, almost all of the new testimony is cumulative of information the jury already heard. *See Hill v. Mitchell*, 400 F.3d 308, 319 (6th Cir. 2005) ("[I]n order to establish prejudice, the new evidence that a habeas petitioner presents must differ in

---

[1]Similarly, Hamilton fails to establish that jurors did not consider evidence of his traumatic childhood because they were instructed that counsels' statements are not evidence. It appears that counsels' statements in this regard referred to information included in the records, which were admitted into evidence. Because Hamilton has only provided this court with a "sampling" of those records, appellate review of this claim, and other claims relating to the records, is extremely difficult.

[2]One possible exception is Hamilton's assertion that counsel should have presented evidence, both in the form of lay witnesses and experts, that he had been sexually abused as a child. The jury heard no testimony about the sexual abuse and counsel did not discuss it. However, the record before this court does not establish that the sexual abuse was not included in the records given to the jury due to Hamilton's failure to submit all of the records. Although we question why a reasonable attorney would not have highlighted this evidence, Hamilton's questioning of his trial attorneys on this point at the evidentiary hearing was superficial and he fails to establish deficient performance under the circumstances.

a substantial way—in strength and subject matter—from the evidence actually presented at sentencing."); *DeRosa v. Workman*, 679 F.3d 1196, 1220-21 (10th Cir. 2012) (finding no prejudice where counsel's mitigation presentation "did not leave the jury with a pitifully incomplete picture of the defendant. Instead, it gave the jury a relatively complete, albeit summarized, look at [the defendant's] background and mental issues." (internal quotations and alterations omitted)). Accordingly, we conclude that Hamilton fails to demonstrate that the district court erred by denying this claim.[3]

*Failure to present expert testimony*

Hamilton also argues that counsel should have presented expert witnesses for mitigation purposes. We reject the argument that counsel were required to present expert witnesses who could have discussed the foster care system and the community he grew up in, as Hamilton points to no evidence that an objectively reasonable attorney would have conceived of these rather novel witnesses and this is not the type of case where such witnesses are required. *Cf. Hinton v. Alabama*, ___ U.S. ___, ___ 134 S. Ct. 1081, 1088 (2014) ("Criminal cases will arise where the only reasonable and available defense strategy requires consultation with experts or introduction of expert evidence."). We also reject Hamilton's argument that counsel should have presented expert testimony that he was shaped by his adverse childhood experiences.[4] Counsel could have reasonably concluded

---

[3]We reject the argument that counsel should have presented pictures of Hamilton as a child to remind the jury that he was once a child.

[4]The expert identified eight categories of adverse childhood experiences: (1) emotional abuse, (2) physical abuse, (3) sexual abuse, (4)

that they did not need an expert to help the jury understand this concept. *Wong v. Belmontes*, 558 U.S. 15, 23-24 (2009) (rejecting the petitioner's argument that a similar expert would have helped the jury "make connections between the various themes in the mitigation case and explain to the jury how they could have contributed to [his] involvement in criminal activity," explaining that the concept "was neither complex nor technical. It required only that the jury make logical connections of the kind a layperson is well equipped to make"). Moreover, that expert concluded that Hamilton was not schizophrenic and therefore her testimony would have conflicted with Dr. Schmidt's on one of the most important issues in the case. Counsel cannot be deemed deficient for failing to undermine a key defense theme.

Hamilton also fails to demonstrate prejudice. The notion that Hamilton was shaped by his internal and external environments was covered by counsel during their opening statement and closing argument and was the focus of the mitigation case. While the testimony Hamilton describes would have given these concepts the imprimatur of someone deemed an expert, Hamilton points to nothing to suggest a reasonable probability that the result would have been different. Accordingly, we conclude that he fails to demonstrate that the district court erred by denying this claim.

---

battered mother, (5) household substance abuse, (6) parental separation, (7) criminal household member, and (8) mental illness in household.

*Other mitigating evidence*

Hamilton argues that counsel should have presented mitigating evidence that was not explored at the penalty hearing, including evidence that he had a history of drug and alcohol abuse and that his family has a multi-generational history of dysfunction. Even assuming that counsel could have found witnesses who would have supported this concept, we conclude that counsel were not deficient because this evidence was just as likely to be deemed aggravating as mitigating and might have distracted from the more compelling mitigation. *See Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000) ("[C]ounsel [is not] required to present all mitigation evidence, even if the additional mitigation evidence would not have been incompatible with counsel's strategy. . . . Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others.").

We also conclude that there is not a reasonable probability that the result of trial would have been different had counsel presented this evidence along with or independently of the other evidence described throughout this order. Hamilton brutally raped and murdered the victim, nearly severing her head. The victim's family members described the shock of learning that a trusted family friend was responsible for the murder. Hamilton's prior offenses were also extremely violent, including an attack on a couple eating dinner, a horrific rape of a college student, and the rape of his former girlfriend. The offenses showed escalating violence. While we do not suggest that a death sentence was a foregone conclusion, we nevertheless conclude that given the aggravating circumstances found and the compelling mitigation the jury heard, yet found wanting, Hamilton fails

to demonstrate a reasonable probability of a different result had counsel performed differently.[5] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc:   Hon. Connie J. Steinheimer, District Judge
      Nathalie Huynh
      Attorney General/Carson City
      Washoe County District Attorney
      Washoe District Court Clerk

---

[5]Hamilton also raises a claim of cumulative error. As he has demonstrated no error, there are no errors to cumulate.