# IN THE SUPREME COURT OF THE STATE OF NEVADA

CRAIG ALLEN HOFFMAN,
Appellant/Cross-Respondent,
vs.
THE STATE OF NEVADA,
Respondent/Cross-Appellant.

No. 73783



FILED

JUL 2 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal and cross-appeal from a district court order granting in part and denying in part appellant/cross-respondent Craig Allen Hoffman's postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Jerome M. Polaha, Judge. Hoffman argues that the district court erred in ordering a new appeal rather than a new trial after finding that trial and appellate counsel were ineffective. The State agrees but also argues that the district court erred in granting Hoffman any relief. We affirm the district court's determination that counsel was ineffective but reverse and remand as to the remedy.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v.*

---

[1]Hoffman does not contest the claims that the district court denied.

18- 28832

*Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

The State argues that appellate counsel was not ineffective in omitting a challenge to the trial court's admission of uncharged bad-act evidence and its omission of a contemporaneous limiting instruction. Considering the district court's findings, which are supported by substantial evidence, and the *Strickland* standard, we disagree. *See Tavares v. State*, 117 Nev. 725, 730-31, 30 P.3d 1128, 1131-32 (2001) (discussing the limitations on admitting evidence of uncharged bad acts).[2]

We agree with the parties that the district court erred, however, in ordering a new appeal. That remedy is only available where the defendant was *deprived* of a direct appeal due to ineffective assistance of counsel. *See* NRAP 4(c)(1). Where appellate counsel's performance was deficient in *omitting* an issue and the defendant was prejudiced as a result of the omission because the omitted issue had a reasonable probability of success on appeal, *see Kirksey*, 112 Nev. at 998, 923 P.2d at 1114, the

---

[2]As relief is warranted on this ground, we need not address the prosecutorial-misconduct issue.

SUPREME COURT
OF
NEVADA

(O) 1947A

appropriate remedy is the same as would have been granted on appeal—a new trial.

Having considered the contentions proffered, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. Jerome M. Polaha, District Judge
Troy Curtis Jordan
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A