# IN THE SUPREME COURT OF THE STATE OF NEVADA

VERENISE ROBLES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76402

FILED

JUL 10 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Verenise Robles' postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Robles argues the district court erred by denying her claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Robles argues that counsel should have filed a motion to suppress her confession because she was unsophisticated in legal matters,

19-29288

she did not understand her rights, her refusal to sign the *Miranda*[1] warnings indicates that she had strong reservations about the interview, and the police grilled her relentlessly. The district court rejected this argument, concluding Robles did not demonstrate that the motion would have succeeded as her factual assertions were not supported by the record and a defendant's legal sophistication is not required for a confession to be admissible at trial. Robles did not provide copies of the trial transcripts, a transcript of her interview with the police, or any other evidence relating to her confession. It is Robles' burden to provide this court with an adequate record for review. *See McConnell v. State*, 125 Nev. 243, 256 n.13, 212 P.3d 307, 316 n.13 (2009). Because Robles did not provide an adequate record to review this claim, she fails to meet her burden to demonstrate that she is entitled to relief.

Next, Robles argues counsel did not sufficiently investigate and prepare for trial. Trial counsel testified that he met with Robles, provided her discovery, had his investigator meet with her, and discussed anticipated defenses with her. Beyond a brief statement that there were other suspects the police did not pursue, Robles did not identify what evidence a more thorough investigation would have disclosed, and thus, she fails to demonstrate deficient performance. Further, Robles necessarily did not demonstrate prejudice because she failed to provide this court with the trial transcripts.

Next, Robles argues counsel should have requested a pretrial line-up because in-court identification is inherently suggestive. The district court concluded Robles did not demonstrate deficient performance, did not

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

demonstrate that the in-court identification was unnecessarily suggestive, and did not demonstrate prejudice given her confession, the video evidence, and the fact that her personal identification was found in the vehicle with the codefendants. Robles' argument on appeal is based on speculation, and thus, she fails to demonstrate deficient performance. Robles further did not demonstrate prejudice as she failed to provide this court with the trial transcripts.

Next, Robles argues that counsel should have requested a jury instruction on the unreliability of eyewitness identification. Given the substantial evidence against her identified by the district court, including her confession and the video evidence, and given the fact that only one witness identified her, Robles did not demonstrate deficient performance in this regard.

Finally, Robles argues that counsel did not advise her of her right to a direct appeal and did not file a direct appeal on her behalf. At the evidentiary hearing, Robles testified that counsel never discussed a direct appeal with her and that she would have requested an appeal had trial counsel discussed her appellate rights. Contrarily, trial counsel testified that he did not remember if she asked for an appeal, but that his normal practice was to review appellate rights with his clients while reviewing the presentence investigation report and to file an appeal if a client asked for an appeal. Trial counsel also testified that if a client verbally requested an appeal that he would ask them to put the request in writing so that there was a record. There was no written request in his files. Trial counsel testified that regardless of whether there was a written request, he would have filed the notice of appeal based on a verbal request. The district court found that trial counsel's testimony was more credible and concluded that

appellant did not demonstrate that counsel was ineffective in regard to filing an appeal. Giving deference to the district court's findings, we conclude that Robles failed to demonstrate that counsel was ineffective.

Having determined that Robles has not demonstrated any error in the district court's decision, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, Eighth Judicial Dist. Court
Terrence M. Jackson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk