# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHON JORDAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78339

FILED

MAR 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Appellant Stephon Jordan argues that he received ineffective assistance of trial counsel and that the district court should have appointed postconviction counsel and held an evidentiary hearing. We disagree and affirm.[1]

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To show prejudice to invalidate the decision to enter a guilty plea, a petitioner must demonstrate that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996).

---

[1]Having considered the pro se brief filed by Jordan, we conclude that a response is not necessary, NRAP 46A(c), and that oral argument is not warranted, NRAP 34(f)(3). This appeal therefore has been decided based on the pro se brief and the record. *Id.*

20-10646

The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Jordan first argues that counsel should have interviewed witnesses and the codefendants and should have investigated and prepared a defense. Jordan does not allege what such interviews or further investigation would have revealed or that they would have led him to proceed to trial rather than pleading guilty and thus has not shown prejudice. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). The district court therefore did not err in denying this claim without an evidentiary hearing.

Jordan next argues that counsel should not have conceded at the sentencing hearing that he entered the house with the intent to commit a felony. Jordan has not shown a likelihood of a different sentence had counsel not conceded this felonious intent, which was insignificant in light of Jordan's having admitted to acting with felonious intent in pleading guilty to first-degree murder with the use of a deadly weapon and robbery.

The district court therefore did not err in denying this claim without an evidentiary hearing.

Jordan next argues that counsel should have moved to sever his trial from that of his codefendants. The record belies this claim as counsel filed a motion to sever Jordan's trial. Jordan has not identified different arguments that counsel could have made and has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Jordan next argues that counsel should not have pressured him to plead guilty. Jordan, however, states that he rejected counsel's recommendation and only elected to plead guilty at his family's urging. Jordan further assented in the plea agreement that he made his plea voluntarily and without coercion. Jordan has not alleged that he would have proceeded to trial absent counsel's urging and thus has not shown prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Jordan next argues that counsel should have requested a competency evaluation based on his mental instability. The record repels Jordan's contention that he was not competent to plead guilty, as the district court canvassed him and found him competent to enter a plea, *see* *Molina*, 120 Nev. at 191, 87 P.3d at 537-38 ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently." (internal quotation marks omitted)); his sentencing memorandum acknowledged that he had not been diagnosed with any mental health disorders; and none of his family members mentioned competency issues in their letters to the sentencing judge. Jordan has not shown deficient performance or that he was prejudiced by counsel's omitting

this request. The district court therefore did not err in denying this claim without an evidentiary hearing.

Lastly, Jordan argues that the district court should have appointed postconviction counsel. Jordan is not entitled to the appointment of counsel as a matter of right. *See Brown v. McDaniel*, 130 Nev. 565, 569-71, 331 P.3d 867, 870-71 (2014). Notwithstanding the arguable severity of the Jordan's sentence, the district court did not abuse its discretion in denying his petition without appointing counsel because Jordan has not shown that his case presented difficult issues or matters on which counsel was needed to conduct discovery. *See* NRS 34.750(1); *Renteria-Novoa v. State*, 133 Nev. 75, 76, 391 P.3d 760, 760-61 (2017).

Having considered Jordan's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Gibbons

SILVER, J., dissenting:

In light of the severity of the sentence and the nature of the offense, I believe the district court abused its discretion in denying Jordan's request for appointed counsel to assist with his first, timely postconviction habeas petition. *See* NRS 34.750(1). Accordingly, I respectfully dissent.

_____, J.
Silver

cc: Hon. Michelle Leavitt, District Judge
Stephon Jordan
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A