IN THE SUPREME COURT OF THE STATE OF NEVADA

PRESTON EMERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80749

FILED

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge. Appellant Preston Emerson argues that the district court erred in denying his claims of ineffective assistance of trial and appellate counsel without an evidentiary hearing. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown,

*Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but we review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations that are not belied or repelled by the record and that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

Emerson first argues that trial counsel should have challenged the admission of firearms and ammunition that were not used in the shooting as impermissible prior-bad-act evidence. NRS 48.045(2) provides that evidence of a defendant's prior bad acts may not be used to establish the defendant's character and that the defendant acted in conformity with that character. The State here presented evidence of ammunition and several firearms seized in the apartment where Emerson was arrested. The evidence did not implicate Emerson in a crime or bad act or provide character evidence and therefore was not inadmissible under NRS 48.045(2). *See* U.S. Const. amend. II (guaranteeing the right to bear arms); *Lamb v. State*, 127 Nev. 26, 41, 251 P.3d 700, 710 (2011) (providing that NRS 48.045 is not implicated where the conduct referenced is not a bad act or crime). Insofar as Emerson relies on *Bean v. State*, 81 Nev. 25, 398 P.2d 251 (1965), his reliance is misplaced for several reasons. First, *Bean* predated the enactment of NRS 48.045, *see* 1971 Nev. Stat., ch. 402, § 30,

at 781 (enacting NRS 48.045), and Emerson has not addressed its application to current evidentiary statutes. Second, unlike in *Bean*, the record does not show that the State sought to impermissibly establish that the defendant was "the sort of person who carries deadly weapons." *Bean*, 81 Nev. at 35, 398 P.2d at 257 (internal quotation marks omitted). Because a prior-bad-act objection lacked merit, Emerson did not demonstrate deficient performance. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("Trial counsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). He also did not demonstrate prejudice given that there was overwhelming evidence of his guilt and the record was clear that the other firearms were not connected to the shooting. *See Bean*, 81 Nev. at 35, 398 P.2d at 257 (concluding that it was "inconceivable" that the weapons affected the outcome given the weight of evidence of guilt and that the weapons were plainly unrelated to the crime); *see also Emerson v. State*, Docket No. 70606 (Order of Affirmance, January 18, 2018) (finding overwhelming evidence of guilt). The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that trial counsel should not have stipulated to admitting the firearm and ammunition evidence. As Emerson has not shown that the evidence was not admissible, he has not shown that the evidence would not have been admitted absent the stipulation. Emerson thus has not shown deficient performance or prejudice in this regard. The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that trial counsel should have challenged testimony that there was a stolen vehicle located outside of the apartment

building where the police found him. This fleeting comment did not suggest any bad act related to Emerson, and it falls squarely beyond the scope of NRS 48.045(2). Emerson has not shown that counsel omitted a meritorious objection and thus has shown neither deficient performance nor prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that trial counsel should have called Mr. Nkombengnondo to testify or requested a continuance to secure his attendance. Emerson acknowledges that counsel unsuccessfully attempted to locate and subpoena Nkombengnondo before trial and has not shown that counsel's efforts in this regard were objectively unreasonable. Further, Emerson has not shown deficient performance or prejudice in counsel's not requesting a continuance when counsel could not locate the witness at that time and thus would not have been able to assure the trial court that a continuance might yield the witness's appearance. The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that trial counsel should have called Detective Ivie to testify. He argues that Ivie would have testified about material information Ivie learned during witness interviews that was not otherwise presented at trial. Barring an exception that Emerson has not identified, such testimony would have been inadmissible hearsay. *See* NRS 51.065 (providing that hearsay is generally inadmissible). Emerson accordingly has not shown deficient performance or prejudice in this regard. Emerson also argues that this testimony would have established that Ivie was confrontational and unprofessional during witness interviews. Ivie's purportedly unprofessional demeanor at the early stages of the

investigation was not probative of Emerson's guilt or innocence, and Emerson has not shown deficient performance or prejudice based on counsel's failure to present testimony relevant to the credibility of a non-testifying investigator. The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that trial counsel should have retained a video surveillance expert. Emerson does not specifically allege how an expert would have assisted the defense in a way that would have led to a different outcome. As a result, Emerson has not shown deficient performance or prejudice. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004) (concluding that habeas petitioner had not demonstrated prejudice for ineffective-assistance claim where he did not address "the quality of evidence that [trial counsel] would have developed with additional preparation"). The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that trial counsel should have investigated his lease agreement and presented it as evidence to rebut the State's representation that he lived at another location. He argues that this would have cast doubt on the State's theory of the case. Emerson has not demonstrated deficient performance or prejudice. That Emerson leased an apartment elsewhere held little relevance given evidence and witness testimony that supported the State's theory. The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that trial counsel should have objected to improper closing arguments. In the identified instances, the State argued that the jury may reach certain conclusions based on evidence produced at

trial. These are permissible inferences for the State to argue in closing. *See Miller v. State*, 121 Nev. 92, 100, 110 P.3d 53, 59 (2005) ("[T]he prosecutor may argue inferences from the evidence and offer conclusions on contested issues." (internal quotation marks omitted)). Because an objection therefore would have been futile, Emerson has not shown deficient performance or prejudice. Insofar as Emerson raises a trial-error claim based on these instances of alleged prosecutorial misconduct, such a claim should have been raised, if at all, on direct appeal, and Emerson has not argued good cause and actual prejudice to excuse the applicable procedural bar. *See* NRS 34.810(1)(b)(2); NRS 34.810(3). The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that trial counsel should not have played an audio recording containing the sound of gunshots during closing argument because the ensuing admonishment jeopardized his credibility before the jury. The audio recording was not evidence that had been produced at trial. The trial court promptly recognized that the recording was not evidence and admonished the jury to disregard it. Counsel arguably performed deficiently in referencing materials not in evidence in closing. Emerson, however, was not prejudiced by the lone chastisement of trial counsel because it was brief and not extreme. *See Randolph v. State*, 117 Nev. 970, 985, 36 P.3d 424, 434 (2001) (concluding that the defense was not prejudiced by the district court's expressions of annoyance with counsel that "numbered only two and were not extreme"); *cf. Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007) (concluding that the defendant was not prejudiced by a prosecutor's improper reference in closing argument to materials not in evidence where the trial court sustained the defense

objection and admonished the jury). The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that appellate counsel inadequately challenged the admissibility of the firearm evidence. This court rejected Emerson's firearm-evidence claim on direct appeal on two grounds: he stipulated to its admission, and he did not identify the challenged evidence in his appellate brief. *Emerson*, Docket No. 70606, Order of Affirmance at 4-5. Our review of the prior appeal leads us to question whether our prior conclusion regarding the adequacy of the appellate brief on direct appeal was correct. *Cf. Hsu v. Cty. of Clark*, 123 Nev. 625, 630-31, 173 P.3d 724, 729 (2007) (recognizing that the doctrine of the law of the case may not apply where the prior determination is clearly erroneous). And, Emerson has not shown prejudice because the appellate claim also failed on an alternative basis (trial counsel's stipulation). The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that appellate counsel should have argued that the stipulation to admit the firearm evidence constituted ineffective assistance of trial counsel. And he argues that trial counsel's ineffectiveness was so plain as to warrant relief without an evidentiary hearing, such that the ineffective-assistance claim could have been raised for the first time in the direct appeal. *Cf. Archanian v. State*, 122 Nev. 1019, 1036, 145 P.3d 1008, 1020-21 (2006) ("This court has repeatedly declined to consider ineffective-assistance-of-counsel claims on direct appeal unless the district court has held an evidentiary hearing on the matter or an evidentiary hearing would be needless."). Because this ineffective-assistance-of-trial-counsel claim lacks merit as discussed above, Emerson

SUPREME COURT
OF
NEVADA

(O) 1947A

has shown neither deficient performance nor prejudice based on appellate counsel's failure to raise the claim. The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that appellate counsel should have shown that the evidence was not overwhelming because the record contained conflicting evidence of guilt. Appellate counsel, however, raised this argument, identifying the same portions of the record that Emerson now invokes to assert ineffectiveness. Emerson thus has not shown deficiency or prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next argues that appellate counsel should have challenged the jury instructions on reasonable doubt, express and implied malice, and equal and exact justice. As this court has upheld the language used in those instructions, *see, e.g.*, *Evans v. State*, 112 Nev. 1172, 1190-91 & n.19, 926 P.2d 265, 277-78 & n.19 (1996) (reasonable doubt instruction); *Leonard v. State*, 117 Nev. 53, 78-79, 17 P.3d 397, 413 (2001) (express- and-implied-malice instruction); *Leonard v. State*, 114 Nev. 1196, 1209, 969 P.2d 288, 296 (1998) (equal-and-exact-justice instruction), we conclude that Emerson has not shown deficient performance or prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Emerson next incorporates by reference the claims raised in the pro se petition filed below. We decline to address those claims for two reasons: it is improper to incorporate claims by reference, NRAP 28(e)(2), and Emerson has not provided cogent argument or supporting authority, *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Lastly, Emerson argues cumulative error. Even assuming that multiple deficiencies in counsel's performance may be cumulated to demonstrate prejudice in a postconviction context, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Emerson has not demonstrated multiple instances of deficient performance to cumulate.

Having considered Emerson's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Chief Judge, Eighth Judicial District Court
        Department 5, Eighth Judicial District Court
        Law Office of Christopher R. Oram
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk